Patrick E. THOMAS, Plaintiff–
Appellant,

v.

OFFICE OF JUVENILE AFFAIRS,
Defendant–Appellee.

No. 03–6121.

United States Court of Appeals,
Tenth Circuit.

Feb. 24, 2005.

Gregory Thomas Metcalfe, Oklahoma
Attorney General, Oklahoma City, OK, for
Defendant–Appellee.

Before EBEL, MURPHY, and
McCONNELL, Circuit Judges.

## ORDER AND JUDGMENT*

MICHAEL R. MURPHY, Circuit
Judge.

After examining the briefs and appellate
record, this court has determined unani-
mously that oral argument would not ma-
terially assist the determination of this
appeal. *See* Fed. R.App. P. 34(a)(2); 10th
Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

On January 9, 2003, Appellant Patrick
E. Thomas filed a compliant in federal
district court alleging that Appellee dis-
criminated against him while he was em-
ployed by the Central Oklahoma Juvenile
Center. Thomas mailed the summons and
complaint by certified mail to Tony Sardis.
Mr. Sardis is the Supervisor for Federal
Grants for the Oklahoma Juvenile Center.
Appellee entered a special appearance and
moved to dismiss Thomas' complaint, argu-
ing the summons was not served on the
proper person. *See* Fed R. Civ. P. 4(j)(2);
Okla. Stat. tit. 12, § 2004(C)(1)(c)(5). Ap-
pellee supported its motion with an affida-
vit stating that Mr. Sardis is neither the
chief executive officer of the State of Okla-
homa, the chief Executive Officer of the
Office of Juvenile Affairs, nor the officer or
individual whose duty it is to maintain the
official records of the State of Oklahoma or
of the Office of Juvenile Affairs.

On March 18, 2003, the district court
granted Appellee's motion and dismissed
Thomas' complaint without prejudice. The

---

* This order and judgment is not binding prece-
dent, except under the doctrines of law of the
case, res judicata and collateral estoppel.
The court generally disfavors the citation of
orders and judgments; nevertheless, an order
and judgment may be cited under the terms
and conditions of 10th Cir. R. 36.3.

court noted that Thomas had failed to respond to the Appellee's motion or contest the factual allegations made in the supporting affidavit, and had made no further attempt to serve the summons and complaint. Thomas appealed.[1]

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, a district court may dismiss an action without prejudice if the plaintiff fails to serve the summons and complaint upon the defendant within 120 days. *See Scott v. Hern,* 216 F.3d 897, 912 (10th Cir.2000). The district court dismissed Thomas' complaint sixty-eight days after it was filed. Accordingly, we conclude that the district court abused its discretion when it dismissed Thomas' complaint.

The judgment of the district court is **reversed** and the matter remanded for further proceedings not inconsistent with this opinion.

---

**1.** Thomas' notice of appeal filed on April 18, 2003, was timely because the district court failed to enter judgment in a separate document. *See* Fed.R.Civ.P. 58(b)(2)(B).